

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. S. McClellan, Chairman
Fish and Game Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-5151
Re: Whether waters impounded
by Denison Dam will change
the boundary between Texas
and Oklahoma when such im-
pounded waters inundate
that portion of Texas above
the dam.

This is with reference to your recent letter read-
ing in part as follows:

"We have before the Fish and Game Committee
House Bill No. 654, which proports to regulate
fishing and hunting on the Denison Dam area, with
the following boundary to apply only to that por-
tion of the State of Texas inundated by the waters
of Red River and its tributaries that are im-
pounded by a boundary across the channel of
said Red River near Denison, Texas. It shall
also apply to any other portion of that area of
land acquired or that may hereafter be acquired
by the United States Government for the opera-
tion of a reservoir on the Red River beginning
near Denison, Texas.

"The above mentioned dam is rapidly reach-
ing a stage in its construction whereby impound-
ed waters have begun to accumulate. A consider-
able part of the volume of waters to be accumulat-
ed behind the dam will have been impounded by
the area during the summer months. This dam
will inundate a considerable portion of land in

Honorable C. S. McClellan, page 2

the State of Texas as well as the State of Okla-
homa.

"It has been previously held by a decree of
the Supreme Court of the United States that the
boundary between Oklahoma and Texas is the south
bank of Red River.

"In this connection in our consideration
of the above mentioned bill, we will thank you
if you will answer the following question:

"'Will the south bank of the lake on the
Texas side constitute the boundary line between
Texas and Oklahoma or will the present south
bank of Red River previously established before
the formation of this lake still remain the
true boundary line of Texas?'

".  .  .  ."

The question presented, in our opinion, was answer-
ed by the United States Supreme Court in the case of State of
Oklahoma v. State of Texas, 260 U. S. 606, 67 L. Ed. 428, 43
Sup. Ct. 221. Without reviewing the history of the litiga-
tion in the case of Oklahoma v. Texas, or the multitude of
questions raised, it is sufficient to state that the location
of the boundary between the two states along Red River was a
paramount issue. In discussing the question the court said:

"Our conclusion is that the out bank along
the southerly side of the sand bed constitutes
the south bank of the river and that the boundary
is on and along that bank at the mean level of
the water when it washes the bank without over-
flowing it.

"The boundary as it was in 1821, when the
treaty became effective, is the boundary of today,
subject to the right application of the doctrines
of erosion and accretion and of avulsion to any
intervening changes. Of those doctrines this
Court recently said:

Honorable C. S. McClellan, page 3

"'It is settled beyond the possibility of
dispute that where running streams are the bound-
aries between States, the same rule applies as
between private proprietors, namely, that when
the bed and channel are changed by the natural
and gradual processes known as erosion and accre-
tion, the boundary follows the varying course of
the stream; while if the stream from any cause,
natural or artificial, suddenly leaves its old
bed and forms a new one, by the process known
as an avulsion, the resulting change of channel
works no change of boundary, which remains in
the middle of the old channel.' Arkansas v.
Tennessee, 246 U. S. 158, 173."

In a subsequent decree in the same case rendered
March 12, 1923, found in 261 U. S. 340, 43 Sup. Ct. 376, 67
L. Ed. 687, it was said:

"This cause having been heard and submit-
ted upon certain questions, and the Court having
considered the same and announced its conclusions
in an opinion delivered January 15, 1923 (260
U. S. 606).

"It is ordered, adjudged, and decreed:

"1. The boundary between the States of
Oklahoma and Texas, where it follows the course
of the Red River from the 100 th meridian of
west longitude of the eastern boundary of the
State of Oklahoma, is part of the international
boundary established by the treaty of 1819 be-
tween the United States and Spain, and is on and
along the south bank of that river as the same
existed in 1821, when the treaty became effec-
tive, save as hereinafter stated.

"2. Where intervening changes in that bank
have occurred through the natural and gradual
processes known as erosion and accretion the
boundary has followed the change; but where the
stream has left its former channel and made for
itself a new one through adjacent upland by the

process known as avulsion the boundary has not
followed the change, but has remained on and along
what was the south bank before the change oc-
curred.

"3. Where, since 1821, the river has cut a
secondary or additional channel through adjacent
upland on the south side in such a way that land
theretofore on that side has become an island,
the boundary is along that part of the south
bank as theretofore existing which by the change
became the northerly bank of the island; and
where by accretion or erosion there have been
subsequent changes in that bank the boundary
has changed with them.

"4. The rules stated in the last two para-
graphs will be equally applicable to such changes
as may occur in the future."

Applying the rules as laid down by the United States
Supreme Court in the case of Oklahoma v. Texas, supra, it is
clear that unless the change in the river bank occurs through
the natural and gradual processes known as erosion and accre-
tion that the boundary between the two states shall remain
as it was in 1821. The construction of Denison Dam and the
subsequent impounding of the waters above the dam would not
cause a "natural and gradual" change in the bank, but on the
contrary the transition would occur by reason of an unnatural
and artificial barrier placed in the stream through the in-
genuity of mankind. Under the rule as thus established, any
change in the bank of Red River which is not gradual and
natural will not work a change in the boundary between the
two states along said river.

You are therefore advised that the boundary between
Texas and Oklahoma along Red River will remain the same after
the erection of the Denison Dam as it was before, subject
only to the application of the doctrines of erosion and ac-
cretion as above explained.

APPROVED APR 9, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *E. B. Pharr*

E. G. Pharr
Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN

EGP:db